Wesley D. Ray (SBN 026351)
Wesley.Ray@SacksTierney.com
Philip R. Rudd (SBN 014026)
Philip.Rudd@SacksTierney.com
Michael Galen (SBN 035044)
Michael.Galen@SacksTierney.com
**SACKS TIERNEY P.A.**
4250 N. Drinkwater Blvd., 4th Floor
Scottsdale, AZ 85251-3693
Telephone: 480.425.2600
Facsimile: 480.970.4610
*Attorneys for Debtor*

# IN THE UNITED STATES BANKRUPTCY COURT

## THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>PCT INTERNATIONAL, INC.,<br><br>Debtor. | Involuntary Chapter 7<br><br>Case No.: 2:19-bk-14586-PS<br><br>**MOTION TO CONVERT INVOLUNTARY CHAPTER 7 CASE TO A CHAPTER 11 CASE** |

PCT International, Inc., the named debtor (the "Debtor") in the above-captioned involuntary bankruptcy case (the "Bankruptcy Case"), by and through its undersigned counsel and pursuant to Section 706(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 1017 and 9013 of the Federal Rules of Bankruptcy Procedure (the "Rules"), hereby moves this Court (this "Motion") for (1) entry of an order converting the Bankruptcy Case to a case under Chapter 11 of the Bankruptcy Code, (2) entry of an order for relief in the converted Bankruptcy Case, and (3) a determination that entry of the order granting the relief sought herein makes moot any further proceedings with respect to the involuntary petition filed against the Debtor (the "Involuntary Petition"). This Motion is supported by the following memorandum of points and authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### Factual Background

1. On November 15, 2019 (the "Petition Date"), three of the Debtor's creditors, EZconn Corporation, eGTran Corporation, and Cheng-Sun Lan (together, the "Petitioners") filed the

1. Involuntary Petition for relief against the Debtor under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Arizona.

2. The Debtor has been in business for more than twenty years.

3. The Debtor, in conjunction with its parent company Andes Industries, Inc. ("Andes"),[1] provides equipment and solutions to telecommunications providers for the "last mile" of signal transmission between major trunk lines and end-users' homes and businesses.

4. The Debtor and Andes offer a complete line of products, including many interrelated components such as cable, taps, connectors, amplifiers, filters, and splitters.

5. These products, many of which were invented by the Debtor and Andes, are technologically sophisticated and are protected by approximately 100 patents.

6. The Debtor is a substantial business concern.

7. The Debtor and Andes, through subsidiaries, own or operate state-of-the-art, high-volume manufacturing plants in China and Vietnam.

8. The Debtor and Andes presently employ approximately forty people and generate more than $3,000,000 per month in gross revenue.

9. The Debtor believes that a substantial proportion of its enterprise value may be eliminated through a Chapter 7 liquidation.

10. The Debtor submits that it has the facilities and economic wherewithal to prosecute a successful Chapter 11 reorganization.

## **LEGAL ARGUMENT**

11. The Debtor is seeking the conversion of the involuntary Chapter 7 Bankruptcy Case to a case under Chapter 11 as authorized by Bankruptcy Code section 706(a). That section provides, in pertinent part:

> The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title.

---

[1] The involuntary bankruptcy case filed by related petitioners against Andes has been assigned Case No. 2:19-bk-14585-PS. Andes will file a motion, in substantially the same form as this Motion, to convert that case to a case under Chapter 11 of the Bankruptcy Code.

12. The Bankruptcy Case has not previously been converted under Bankruptcy Code sections 1112, 1208, or 1307.

13. The only other qualification in Section 706 of a debtor's right to convert from Chapter 7 to Chapter 11 is that the debtor must be eligible to be a debtor under the new chapter. 11 U.S.C. § 706(d).

14. That condition is satisfied in this Bankruptcy Case, as the Debtor is eligible to be a debtor under Chapter 11 of the Bankruptcy Code. *See* 11 U.S.C. § 109(d).

15. Although a debtor's right to convert a Chapter 7 case to Chapter 11 may not be absolute, *see Marrama v. Citizens Bank of Mass.*, 549 U.S. 365 (2007), absent bad faith or abuse of process on the debtor's part, neither of which is likely to exist in the context of an involuntary petition, a debtor's right to convert from Chapter 7 to Chapter 11 should be honored. *See In re Levesque*, 473 B.R. 331, 339 (B.A.P. 9th Cir. 2012) ("[T]he apparently absolute right of the debtor to convert a chapter 7 case . . . [under Section 706(a)] could be curtailed in the 'atypical' case of a fraudulent or 'bad faith' debtor, in order 'to prevent an abuse of process.'" (quoting *Marrama*, 549 U.S. at 375 & n.11)).

16. The Debtor is ready and able to assume the responsibilities of a debtor in possession under Chapter 11 of the Bankruptcy Code and is committed to the reorganization process.

17. Given the Debtor's right to convert the Bankruptcy Case under 11 U.S.C. § 706(a), and its willingness to diligently pursue a successful reorganization, the Court should grant the relief requested herein.

18. The Debtor's counsel has been informed that the Petitioners do not oppose conversion of the involuntary Bankruptcy Case to a Chapter 11 proceeding, so long as the converted Chapter 11 cases of the Debtor and Andes are jointly administered.

19. Upon conversion to Chapter 11, the Debtor and Andes will seek joint administration once their bankruptcy cases.

20. This Motion may, therefore, be granted on an *ex parte* basis. A form of order granting this Motion will be lodged contemporaneously herewith pursuant to Rule 9013-1(d) of the Local Rules of Bankruptcy Procedure for the District of Arizona.

**WHEREFORE**, the Debtor respectfully requests that the Court:

1. Enter an order converting the Bankruptcy Case to a case under Chapter 11 of the Bankruptcy Code,

2. Enter an order for relief in the converted Bankruptcy Case,

3. Determine that entry of the order granting the relief sought herein makes moot any further proceedings with respect to the Involuntary Petition, and

4. Grant such other and further relief as the Court deems just and proper.

DATED: December 2, 2019

SACKS TIERNEY P.A.

By: /s/ Wesley D. Ray
Wesley D. Ray
Philip R. Rudd
Michael Galen
*Attorneys for Debtor*

**COPY** of the foregoing mailed (or served via electronic notification if indicated by an "*") on December 2, 2019, to:

U.S. Trustee *
USTPRegion11.PX.ECF@usdoj.gov
OFFICE OF THE U.S. TRUSTEE
230 North First Avenue, Ste. 204
Phoenix, AZ 85003-1725

Benjamin W. Reeves *
breeves@swlaw.com
SNELL & WILMER, L.L.P.
One Arizona Center
400 E. Van Buren St., Ste. 1900
Phoenix, AZ 85004-2022
*Attorneys for Cheng-Sun Lan*

Ryan J. Lorenz * rlorenz@clarkhill.com
CLARK HILL, PLC
14850 N. Scottsdale Rd., Ste. 500
Scottsdale, AZ 85254
*Attorneys for Sallyport Commercial Finance, LLC*

Christopher Bayley * CBayley@swlaw.com
SNELL & WILMER, L.L.P.
One Arizona Center
400 E. Van Buren St., Ste. 1900
Phoenix, AZ 85004-2202
*Attorneys for EZconn Corporation*

Greer N. Shaw * greers@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
301 N. Lake Ave., #920
Pasadena, CA 91101
*Attorneys for EZconn Corporation, eGTran Corporation, and Cheng-Sun Lan*

XPO Logistics
13777 Ballantyne Corp Place
Charlotte, NC 28277

By: /s/ Cathie Bernales